## HOME OWNERS LOAN CORPORATION
vs.
## MILDRED A. WILSON RUBIN

Superior Court      New Haven County          File #49311

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Connor & Connor,              Attorneys for the Plaintiff.

Nathan Rubin,                 Attorney for the Defendant.

### MEMORANDUM FILED MARCH 2, 1936.

O'SULLIVAN, J.   This is an action to foreclose a mortgage executed and delivered by the defendant to the plaintiff to secure a loan of $6,480.00 made on February 15th, 1934. Default occurred in the monthly payments provided by the note in October 1934, and since that date the note has been due and payable.

The defendant has filed a plea in abatement and to the jurisdiction to which the plaintiff has demurred.   The parties concede that the demurrer, for the purpose of this case, raises the sole following question:   May the Home Owners Loan Corporation bring an action to foreclose this mortgage in the Superior Court of Connecticut in view of its failure to comply with those provisions of the General Statutes relating to foreign corporations?   **Part 2 of Chapter 191 of the General Statutes.**

In a simpler form the query is whether the Home Owners Loan Corporation is a foreign corporation within the meaning of our statutes.

The plaintiff was created under the authority of an Act of the Congress of the United States, **Chapter 64, 48 U. S. Statutes, 128.**   The territorial application of the Act extended to the continental United States, Alaska, Hawaii, Puerto Rico and the Virgin Islands.

A Corporation has legal existence within the limits of the sovereignty from which its corporate existence is derived and

is not foreign to a jurisdiction which constitutes part of that sovereignty. This is but an adaptation of the axiom that the whole includes all of its parts.

As the State of Connecticut is within the territorial limits of the continental United States, this corporation is not a for-eigner within our own state boundaries. The authorities are plentiful upon this proposition. **Fletcher's Encyc. of the Law of Private Corporations, Vol. 8, Sec. 4043, pgs. 500, 501, 502,** with cases cited. The plaintiff is, therefore, not required to comply with those provisions of the General Statutes which concern foreign corporations.

Accordingly, the demurrer to the plea is sustained.